[Cite as *State v. Lewis*, 2021-Ohio-3179.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-L-010 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| ANTHONY LEWIS, | Trial Court No. 2020 CR 000665 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: September 13, 2021
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Kristi L. Winner*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Cory R. Hinton*, Hanahan & Hinton, LLC, 8570 Mentor Avenue, Mentor, OH 44060 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Anthony Lewis, appeals from the judgment of the Lake County Court of Common Pleas, convicting him of falsification, obstructing official business, and possession of cocaine. At issue is whether the trial court erred in denying appellant's motion to suppress evidence. We answer this question in the negative and affirm the trial court.

{¶2} On July 25, 2020, at 10:44 a.m., Wickliffe police officer, James Smith, was patrolling the parking lot, in a marked vehicle, at the Quality Inn located on the corner of

East 286th Street and Euclid Avenue in Wickliffe, Ohio. The officer noted this location is a high crime area known for drug transactions, guns, prostitution, and stolen vehicles. In fact, the previous day, Officer Smith was involved in in the arrest of a women who had purchased drugs from an African American male in the parking lot; the man, who was driving a four-door, silver Honda sedan at the time, fled the scene and was not caught.

{¶3} On the day in question, the officer observed two African American males in a four-door, silver Honda sedan with a female standing outside the car and leaning in towards the passenger door. The driver of the Honda noticed Officer Smith and appeared "frightened." The vehicle drove away, exited the parking lot, but then re-entered the parking lot from a different access point. In light of the previous day's events and what he observed, the officer followed the Honda, which re-exited the lot onto East 286th Street. While following the Honda, the officer observed the vehicle had no rear license plate or temporary tag. This observation was supported by the cruiser's dash-cam.

{¶4} The Honda proceeded onto I-90 westbound with the officer following. The officer activated his emergency, overhead lights. The Honda did not stop and, as a result, the officer activated his cruiser's siren. The vehicle then pulled over. Officer Smith approached the vehicle on the passenger's side and observed appellant in the driver's seat, a second individual in the passenger seat, and a third in the back seat. The officer informed appellant the vehicle had no license plate, to which appellant indicated the plate must have fallen off. Upon obtaining permission to open the rear door, the officer noticed the back-seat passenger was holding a license plate with black tape on it. The officer confirmed the plate was registered to the Honda; he also confirmed that the silver Honda he stopped was different from the vehicle that fled the scene on the previous day (due to

2

differences in the license-plate letters). The officer also agreed that the plate, at some point, could have been affixed to the back window with tape and fallen off.

{¶5} The officer again engaged appellant, who had no identification. Appellant stated his name was "Antoine Lewis" and gave a date of birth. The officer checked the name and determined appellant was not Antoine Lewis. Appellant was subsequently arrested for falsification; he later gave his true identity. Upon arrest, a wad of money and a baggie of a suspected controlled substance was found in appellant's pants pocket. The substance was later identified as cocaine.

{¶6} Appellant was indicted for one count of falsification, in violation of R.C. 2921.13(A)(3), a misdemeanor of the first degree; one count of obstructing official business, in violation of R.C. 2921.31(A), a misdemeanor of the second degree; and one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fifth degree, with a forfeiture specification for contraband/instrumentalities. Appellant filed a motion to suppress evidence and after a hearing, the trial court denied the same. Appellant eventually pleaded no contest to the indictment and this appeal follows.

{¶7} Appellant assigns the following error:

{¶8} "The trial court erred on October 23, 2020 in its opinion and judgment entry denying defendant-appellant's motion to suppress as the facts presented did not justify a stop of defendant-appellant's vehicle."

{¶9} Appellate review of a trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 154 2003-Ohio-5372. During a hearing on a motion to suppress evidence, the trial judge acts as the trier of fact and, as such, is in the best position to resolve factual questions and

3

assess the credibility of witnesses. *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). An appellate court reviewing a motion to suppress is bound to accept the trial court's findings of fact where they are supported by competent, credible evidence. *State v. Guysinger*, 86 Ohio App.3d 592, 594 (4th Dist.1993). Accepting these facts as true, the appellate court independently reviews the trial court's legal determinations de novo. *State v. Djisheff,* 11th Dist. Trumbull No. 2005-T-0001, 2006-Ohio-6201, ¶19.

{¶10} An officer may constitutionally stop a motorist if the seizure is premised upon either a reasonable suspicion or probable cause. *See, e.g., State v. Lisac,* 11th Dist. Geauga No. 2012-G-3056, 2012-Ohio-5224, ¶14. Probable cause is defined in terms of those facts and circumstances sufficient to warrant a prudent law enforcement officer in believing that a suspect committed or was committing an offense. *Beck v. Ohio,* 379 U.S. 89, 91 (1964). It is well-settled that an officer's observance of a traffic violation furnishes probable cause to stop a vehicle. *See, e.g., Lisac, supra,* at ¶14; *State v. Korman,* 11th Dist. Lake No. 2004-L-064, 2006-Ohio-1795, ¶17-18.

{¶11} R.C. 4503.21, titled "Display of license plates and validation stickers or temporary license placard or windshield sticker" states, in relevant part:

> {¶12} (A)(1) No person who is the owner or operator of a motor vehicle shall fail to display in plain view on the rear of the motor vehicle a license plate that displays the distinctive number and registration mark assigned to the motor vehicle by the director of public safety, including any county identification sticker and any validation sticker when required by and issued under sections 4503.19 and 4503.191 of the Revised Code. * * *

{¶13} Testimony at the suppression hearing demonstrated that the Honda appellant was driving did not have a license plate displayed on the rear of the car; indeed, the state submitted photos from the officer's dash cam that demonstrated the lack of a

4

Case No. 2021-L-010

plate or tag. Moreover, while the plate was recovered from the backseat with tape on it, it was not visible from the rear window. The vehicle appellant was driving accordingly violated R.C. 4503.21(A)(1). The officer therefore had probable cause to stop the vehicle and issue a citation.

{¶14} Appellant, however, argues he was not required to display a license plate due to certain COVID-19 related orders issued by the Governor of Ohio. He maintains the relaxation of requirements relating to renewing driver's licenses and updating vehicle registrations also applied to the display of plates. We do not agree.

{¶15} Initially, while Officer Smith seemed to concede that the governor's orders did relax enforcement of traffic laws relating to expired licenses and registration, defense counsel submitted no exhibit which would support the argument that the orders included relaxation of the requirements of R.C. 4503.21(A)(1). And the trial court, while recognizing the application of the relaxation on expired tags, stated there was "[n]othing in the governor's announcement relax[ing] the requirement that a vehicle must display a license plate. [The governor's] announcement only provided a moratorium in renewing expired licenses, ID cards or vehicle registrations during the pandemic. As previously mentioned, there is no evidence that the registration of the Honda had expired." We conclude the trial court did not err in concluding the COVID-19-related orders did not apply to appellant's case. As such, we hold the trial court did not err in finding Officer Smith had probable cause to stop the vehicle.

{¶16} Appellant next asserts that Officer Smith lacked reasonable suspicion to stop appellant's vehicle. He points to the officer's testimony that (1) he observed the occupants of the Honda interacting with a female in a fashion indicating a drug

5

transaction; (2) appellant had a "frightened" look on his face upon initially noticing the officer; and (3) there was an unsolved incident the day before in the same parking lot involving a similar vehicle. Appellant maintains these factors are insufficient to establish reasonable suspicion to conduct an investigative stop. Because we conclude the officer had probable cause to stop the vehicle, we need not reach the issue of reasonable suspicion to investigate. To the extent the officer had probable cause to stop a vehicle for a traffic violation, he necessarily had reasonable suspicion to stop the vehicle. *See, e.g., State v. Hawkins*, 158 Ohio St.3d 194, 2019-Ohio-4210, ¶20. (The reasonable suspicion standard requires a lower quantum of proof than that of the standard for probable cause.)

{¶17} Further, it is worth noting that any additional investigation was prompted by appellant's deception regarding his identity. That is, in order to cite appellant for the failure to display, the officer required information regarding appellant's identity. Appellant had no photo identification and provided a false name. The officer subsequently confirmed that appellant had engaged in behavior to support probable cause to arrest him for falsification. The further detention and investigation were therefore valid.

{¶18} Appellant's assignment of error lacks merit.

{¶19} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.


6

Case No. 2021-L-010